# UNITED STATES DISTRICT COURT
for
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 29 AM 11:49

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

**U.S.A. vs. FREDERICK JACKSON**                              Docket No. **2:02CR20058-013**

### Petition on Probation and Supervised Release

**COMES NOW   FREDDIE MCMASTER II   PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Frederick Jackson who was placed on supervision by the Honorable Bernice B. Donald sitting in the Court at Memphis, TN on the 21st day of December, 2004 who fixed the period of supervision at two (2) years*, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.

The defendant shall provide the probation officer access to any requested financial information.

The defendant shall not engage in any employment where he has access to other person's identifications.

*Term of Supervised Release began April 7, 2005.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### (PLEASE SEE ATTACHED)

**PRAYING THAT THE COURT WILL ORDER** a **SUMMONS** be issued for Mr. Jackson to appear before the Honorable Bernice B. Donald to answer charges of violation of Supervised Release.

**ORDER OF COURT**

Considered and ordered this _29_ day of _August_, 20_05_ and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _August 19, 2005_

_Freddie McMaster II_
U.S. Probation Officer

Place       Memphis, Tennessee

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _8/30/05_

606

PROB 12
Jackson, Frederick
Docket No. 2:02CR20058-013
Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Mr. Jackson used a controlled substance as evidenced by positive screens for marijuana on May 18, and June 16, 2005, and for cocaine on August 1, 2005. On July 22, 2005, he signed a voluntary statement of admission to having used marijuana on or about July 21, 2005.

**The defendant shall submit to drug testing and drug treatment programs as directed by the Probation Office.**

On May 3, 2005, Mr. Jackson was referred to the Alcohol and Chemical Abuse Rehabilitation Center (ACAR) to begin drug testing and treatment. While at ACAR he missed six drug screens and six counseling sessions. In response to his non-compliance, an administrative staffing was held on July 22, 2005, whereby Mr. Jackson was made aware of the legal consequences of continued non-compliance and a new referral was made for drug treatment to Dr. Janet Scott and Associates. He has since missed counseling sessions with her on August 3 and 10, 2005, and failed to report for in-office screening on August 15, 2005. On August 16, 2005, he was discharged from Dr. Scott's program due to non-compliance.

# VIOLATION WORKSHEET

1. Defendant _____ Frederick Jackson   4375 Knight Arnold #4   Memphis, TN 38118 _____

2. Docket Number (Year-Sequence-Defendant No.) _____ 2:02CR20058-013 _____

3. District/Office _____ Western District of Tennessee (Memphis) _____

4. Original Sentence Date   __12__   __21__   __04__
                                   month   day   year

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| Usage of a controlled substance (cocaine & marijuana) | B |
| Failure to participate in drug testing/treatment as directed | C |

8. Most Serious Grade of Violation (see §7B1.1(b)) — **B**

9. Criminal History Category (see §7B1.4(a))74 — **IV**

10. Range of imprisonment (see §7B1.4(a)) — **12-18 months***

*Being originally convicted of a Class D felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

   { } (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { } (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   {X} (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

| | |
|---|---|
| Restitution ($) ____N/A____ | Community Confinement ____N/A____ |
| Fine ($) ____N/A____ | Home Detention ____N/A____ |
| Other ____N/A____ | Intermittent Confinement ____N/A____ |

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: ____N/A____ to ____N/A____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:
_____
_____
_____
_____
_____
_____
_____

15. **Official Detention Adjustment** {see §7B1.3(e)}: months _____ days _____

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 606 in case 2:02-CR-20058 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Financial Unit
FINANCIAL UNIT
167 N. Main St.
Ste. 242
Memphis, TN 38103

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Linda Kendall Garner
LAW OFFICE OF LINDA KENDALL GARNER
217 Exchange Ave.
Memphis, TN 38105

Honorable Bernice Donald
US DISTRICT COURT