UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

## WESTERN DIVISION

FILED BY ____ D.C.

05 OCT 12 AM 9: 46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

**U.S.A. vs. FREDERICK JACKSON**                             Docket No. **2:02CR20058-013**

### Amended Petition on Probation and Supervised Release

**COMES NOW** __FREDDIE MCMASTER II__ **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Frederick Jackson who was placed on supervision by the Honorable Bernice B. Donald sitting in the Court at Memphis, TN on the 21st day of December, 2004 who fixed the period of supervision at two (2) years*, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.

The defendant shall provide the probation officer access to any requested financial information.

The defendant shall not engage in any employment where he has access to other person's identifications.

*Term of Supervised Release began April 7, 2005.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### (PLEASE SEE ATTACHED)

**PRAYING THAT THE COURT WILL ORDER** a **WARRANT** be issued for Mr. Jackson to appear before the Honorable Bernice B. Donald to answer charges of violation of Supervised Release and that the petition filed on August 29, 2005, be amended to include the new violation.**

Bond: _____

### ORDER OF COURT

Considered and ordered this __11th__ day of __October__, 20__05__ and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __September 26, 2005__

_____
Freddie McMaster II
U.S. Probation Officer

Place   Memphis, Tennessee

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 10-12-05

619

PROB 12 
...

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Mr. Jackson used a controlled substance as evidenced by positive screens for marijuana on May 18, and June 16, 2005, and for cocaine on August 1, 2005. On July 22, 2005, he signed a voluntary statement of admission to having used marijuana on or about July 21, 2005.

**The defendant shall submit to drug testing and drug treatment programs as directed by the Probation Office.**

On May 3, 2005, Mr. Jackson was referred to the Alcohol and Chemical Abuse Rehabilitation Center (ACAR) to begin drug testing and treatment. While at ACAR he missed six drug screens and six counseling sessions. In response to his non-compliance, an administrative staffing was held on July 22, 2005, whereby Mr. Jackson was made aware of the legal consequences of continued non-compliance and a new referral was made for drug treatment to Dr. Janet Scott and Associates. He has since missed counseling sessions with her on August 3 and 10, 2005, and failed to report for in-office screening on August 15, 2005. On August 16, 2005, he was discharged from Dr. Scott's program due to non-compliance.

**\*\*The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

Mr. Jackson failed to notify this officer of changes in his address. The summons issued by the Court on September 7, 2005, setting an initial appearance for September 22, 2005, was returned unexecuted. This officer spoke to management at the Eaden Apartments and learned that he no longer resides there. Mr. Jackson's whereabouts are unknown at this time.

# VIOLATION WORKSHEET

1. Defendant _____ Frederick Jackson  4375 Knight Arnold #4  Memphis, TN 38118 _____

2. Docket Number (Year-Sequence-Defendant No.) _____ 2:02CR20058-013 _____

3. District/Office _____ Western District of Tennessee (Memphis) _____

4. Original Sentence Date   12   21   04
                                month   day   year

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| Usage of a controlled substance (cocaine & marijuana) | B |
| Failure to participate in drug testing/treatment as directed | C |
| Failure to report change in residence | C |

8. Most Serious Grade of Violation (see §7B1.1(b)) — **B**

9. Criminal History Category (see §7B1.4(a))74 — **IV**

10. Range of imprisonment (see §7B1.4(a))  **12-18 months***

*Being originally convicted of a Class D felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

    { } (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { } (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    {X} (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

**Defendant**  Frederick Jackson    Docket #2:02CR20058-013

### 12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____         Community Confinement _____N/A_____

Fine ($) _____N/A_____                Home Detention _____N/A_____

Other _____N/A_____                   Intermittent Confinement _____N/A_____

### 13. Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

### 14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____
_____
_____
_____
_____
_____
_____
_____
_____

### 15. Official Detention Adjustment {see §7B1.3(e)}: months _____ days _____

Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 619 in case 2:02-CR-20058 was distributed by fax, mail, or direct printing on October 12, 2005 to the parties listed.

---

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT